UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60042-CIV-MARTINEZ/MCALILEY

OWEN HARTY,

      Plaintiff,

v.

SOUTH FLORIDA HOSPITALITY
INVESTMENTS, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Order to Show Cause and for the Imposition of Sanctions. [DE 23]. Plaintiff has a final judgment against Defendant South Florida Hospitality Investments, Inc. As part of its post-judgment collection efforts, Plaintiff noticed Bahrat Thackar, a corporate officer of Defendant, for deposition on May 16, 2012. Plaintiff personally served Mr. Thackar with the subpoena *duces tecum*. Mr. Thackar did not appear for deposition; but on May 21, 2012, his attorney contacted counsel for Plaintiff with a settlement offer that Plaintiff did not accept. Plaintiff now moves for an order to show cause and a finding that Bahrat Thackar is in civil contempt for his failure to appear at the deposition, and for the imposition of sanctions. *See* [DE 23].

On October 9, 2012, I held a telephonic status conference on Plaintiff's motion. Although Plaintiff's counsel represented at the status conference that both Defendant and Mr. Thackar were served with the Order Setting Telephonic Status Conference [DE 26], and both

received the call-in information [DE27], neither appeared the status conference.

Plaintiff is entitled to a finding of civil contempt only upon a showing, by clear and convincing evidence, of willful disregard for the authority of the court through failure to comply with a court order. *Georgia Power Co. v. Nat'l Labor Rel. Bd.*, 484 F.3d 1288, 1291 (11th Cir. 2007). Specifically, "[t]he clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.*

The subpoena *duces tecum* is an unambiguous, valid and lawful order directing Mr. Thackar to appear at deposition, with documents. The record shows that the subpoena *duces tecum* was personally served on Mr. Thackar and that he did not appear and produce documents as commanded. The record also shows that Mr. Thackar had numerous opportunities to raise any impediments to his attendance at the deposition, both before and after May 15, 2012, and he has not done so. I find that Plaintiff has carried his burden to establish civil contempt.

Based on the foregoing, I RESPECTFULLY RECOMMEND that

Plaintiff's Motion for Order to Show Cause and for the Imposition of Sanctions [DE 23], be **GRANTED**. I recommend that the Court issue an order finding Mr. Thackar in civil contempt, and order him to attend a deposition *duces tecum* at the office of Plaintiff's counsel at a time convenient to Plaintiff and to pay $420.00 in sanctions to Plaintiff.[1]

---

[1] According to Plaintiff's counsel, Plaintiff incurred $420.00 in attorneys' fees and expenses in connection with Mr. Thackar's failure to appear for his deposition. [DE 23-4, p.2].

2

The parties and Mr. Thackar may file written objections to this Report and Recommendation with the Honorable Jose E. Martinez within **fourteen days** of the date of this Report and Recommendation.  It is the objecting party's responsibility to ensure that any objections are docketed with the Court by this deadline.  Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein.  *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

**Plaintiff shall immediately personally serve Mr. Thackar with a copy of this Report and Recommendation and file proof of service with the Court.**

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 15th day of October, 2012.


CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Jose E. Martinez
Counsel of record

3